c

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## ALEXANDRIA DIVISION

| | |
|---|---|
| CEAREY JAMES, *ET AL.*, Plaintiffs | CIVIL ACTION NO. 1:18-CV-01316 |
| VERSUS | JUDGE DRELL |
| AMERICAN HONDA MOTOR CO., INC., *ET AL.*, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court are three related motions filed by Plaintiff Cearey James ("James"), as the mother and natural tutor of the minor child Adaleigh Marie James ("Adaleigh"), individually and on behalf of the decedent, Brett T. Lasyone ("Lasyone"): (1) a Motion to Remand (Doc. 9); (2) a Motion for Leave of Court to file a Motion to Appoint a Legal Representative for the Estate of Emily Dauzart ("Dauzart") ("the Dauzart estate") and to file a First Supplemental and Amending Petition to add additional defendants ("Motion for Leave") (Doc. 10); and (3) a Motion to Appoint a Legal Representative for the Estate of Emily Dauzart ("Motion to Appoint") (Doc. 11). American Honda Motor Co., Inc. ("AHM") opposes all three motions.  (Docs. 15, 16, 17).

James seeks to appoint a legal representative for the Dauzart estate, and then add as Defendants the legal representative of the Dauzart estate and Progressive Specialty Insurance Agency, Inc. ("Progressive").  (Docs. 10, 11).  James asserts the Court should remedy the "defect" of lack of a succession representative for Dauzart,

add the additional defendants, and remand this matter to the Ninth Judicial District Court, Rapides Parish, Louisiana. (Doc. 9). Because the Court lacks jurisdiction to appoint a legal representative for the Dauzart estate; because the proposed amendments to add additional defendants are both premature and futile; and because the Court retains diversity jurisdiction, James's motions (Docs. 9, 10, 11) should be DENIED.

## I.    <u>Background</u>

James, as natural tutor for the minor child Adaleigh, filed a wrongful death and survival action in the Ninth Judicial District Court, Rapides Parish, Louisiana, against Defendants AHM, Honda Motor Company, LTD. ("HMC"), Honda R&D Co., Ltd. ("Honda R&D"), and the Estate of Emily Dauzart ("Dauzart estate") (collectively referred to as "Defendants"). (Doc. 1-2, pp. 4-5). James alleges Lasyone was a passenger in the Honda Accord driven by Dauzart. (Doc. 1-2, p. 6). James asserts AHM, HMC, and Honda R&D designed, developed, manufactured, marketed, assembled, and sold the 2008 Honda Accord. (Doc. 1-2, pp. 6-20). Dauzart was operating the 2008 Honda Accord on July 23, 2017, east on Louisiana Highway 112 when, for unknown reasons, it left the roadway and struck two trees. (Doc. 1-2, pp. 5-6). Dauzart was ejected, and Lasyone remained in the passenger seat. (Doc. 1-2, p. 6). The vehicle ignited and was engulfed in flames shortly after the accident. <u>Id.</u> Lasyone and Dauzart died as a result of injuries sustained in the accident. <u>Id.</u>

James asserts product liability claims against AHM, HMC, and Honda R&D relating to the 2008 Honda Accord – specifically, the fuel system. (Doc. 1-2, pp. 6-20).

2

James alleges unreasonably dangerous design defect, defective construction and composition, breach of express warranties, and inadequate warnings under the Louisiana Products Liability Act ("LPLA"). Id. James also asserts negligence and misrepresentation claims against AHM, HMC, and Honda R&D, and a negligence claim against the Dauzart estate. Id. James seeks compensatory damages, legal interest, and costs. (Doc. 1-2, pp. 20-21).

Donna Kay Robinson ("Robinson"), tutor of the minor children Natalie Dauzart ("Natalie") and Carter Dauzart ("Carter"), filed an intervening Petition, individually and on behalf of decedent Dauzart. (Doc. 1-2, pp. 26-48). Robinson names as Defendants-in-Intervention AHM, HMC, and Honda R&D. (Doc. 1-2, p. 27). Robinson asserts she is the duly-appointed tutor of Natalie and Carter. (Doc. 1-2, p. 28). Robinson alleges Dauzart is the mother of both Natalie and Carter. Id. Robinson asserts violations of the LPLA against AHM, HMC, and Honda R&D for unreasonably dangerous design defect, defective construction and composition, breach of express warranties, and inadequate warnings. (Doc. 1-2, pp. 29-46). Robinson also asserts negligence and misrepresentation claims against AHM, HMC, and Honda R&D. Id.

AHM answered James's petition, asserting various affirmative defenses.[1] (Doc. 1-2, pp. 55-69). AHM asserted Exceptions of No Right of Action and Improper Cumulation of Actions as to Robinson's intervening petition. (Doc. 1-2, pp. 70-80). AHM timely removed, asserting diversity jurisdiction. (Doc. 1, pp. 2-8).

---

[1] In its answer, AHM notes it is formerly known as HMC. (Doc. 1-2, p. 56). According to AHM, service has not been effectuated on Honda R&D. (Doc. 1, p. 4).

James filed this Motion to Remand (Doc. 9), which seeks remand contingent upon the Court appointing a legal representative for the Dauzart estate (Doc. 11) and granting leave to file a First Supplemental and Amending Petition to add Progressive and a legal representative for the Dauzart estate as defendants (Doc. 10).  AHM opposes all three motions. (Docs. 15, 16, 17).

## II.  <u>Law and Analysis</u>

### A.  <u>Standards governing the Motion to Remand.</u>

A federal court's jurisdiction is limited to areas authorized by the United States Constitution and acts of Congress. See <u>Scarlott v. Nissan N. Am., Inc.</u>, 771 F.3d 883, 887 (5th Cir. 2014).  A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).

When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).  "Complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." <u>Harvey v. Grey Wolf Drilling Co.</u>, 542 F.3d 1077, 1079 (5th Cir. 2008) (citing <u>Harrison v. Prather</u>, 404 F.2d 267, 272 (5th Cir. 1968)) (internal citation and quotation omitted).  The party invoking subject matter jurisdiction in federal court has the burden of establishing the court's jurisdiction.  <u>St. Paul Reinsurance Co., Ltd. v. Greenberg</u>, 134 F. 3d 1250, 1253-54 (5th Cir. 1998).  Here, AHM bears that burden.

Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. See St. Paul Reinsurance Co. Ltd., 134 F.3d at 1253. "[S]ubject-matter jurisdiction, because it involves a court's power to hear a case, can never be forfeited or waived." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006) (citing Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999)). The Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Id. Jurisdictional facts are determined at the time of removal, not by subsequent events. See La. v. Am. Nat'l Prop. & Cas. Co., 746 F.3d 633, 635 (5th Cir. 2014). Remand is required "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

**B.    Standards governing the Motion to Amend.**

Fed. R. Civ. P. 15(a)(1) provides that:

> a party may amend its pleading once as a matter of course within (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, the party may amend within 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1). In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). A court should freely give leave when justice so requires. Id.

Although Rule 15(a) "evinces a bias in favor of granting leave to amend," the Court is entrusted with the discretion to deny a motion to amend if it is futile. See Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n, 751 F.3d 368, 378 (5th Cir.

2014). "An amendment is futile if it would fail to survive a Rule 12(b)(6) motion." Id. A district court "acts within its discretion in denying leave to amend where the proposed amendment would be futile because it could not survive a motion to dismiss." Rio Grande Royalty Co. v. Energy Transfer Partners, L.P., 620 F.3d 465, 468 (5th Cir. 2010) (citing Briggs v. Mississippi, 331 F.3d 499, 508 (5th Cir. 2003)). Relevant factors to consider include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment." Wimm v. Jack Eckerd Corp., 3 F.3d 137, 139 (5th Cir. 1993) (quotation omitted).

However, when, after removal, a "plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to State court." 28 U.S.C. § 1447(e). When confronted with an amendment to add a non-diverse party after removal, courts are cautioned to use discretion in deciding whether to allow that party to be added. Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987). Amended pleadings in such cases are to be scrutinized "more closely than an ordinary amendment." Id.

The court must balance the "defendant's interests in maintaining the federal forum with the competing interest of not having parallel lawsuits." Id. Factors to be considered include: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in asking for the amendment; (3) whether the plaintiff will be significantly injured if the amendment is not allowed; and (4) any other factors bearing on the equities. Id. "The district

6

court, with input from the defendant, should then balance the equities and decide whether amendment should be permitted.  If it permits the amendment of the nondiverse defendant, it then must remand to the state court. If the amendment is not allowed, the federal court maintains jurisdiction." Id.

### C.    Diversity jurisdiction existed at the time of removal.

In its notice of removal, AHM asserts James, domiciled in Rapides Parish, Louisiana, is a citizen of the State of Louisiana.  (Doc. 1, pp. 2-4).  AHM (formerly known as HMC) is incorporated in the State of California, with its principal place of business in California. Id.  Thus, AHM is a citizen of California.  Honda R&D is incorporated under the laws of Japan, with its principal place of business in Japan. Id.  Thus, Honda R&D is a citizen of Japan.  Robinson, intervenor, is a citizen of the State of Louisiana. Id.  AHM further asserts that the Dauzart estate is a fictitious party with no appointed legal representative. Id. AHM contends the citizenship of the Dauzart estate, a fictitious party, is disregarded for the purpose of determining complete diversity, pursuant to 28 U.S.C. § 1441(b)(1). (Doc. 1, pp. 4-5).  AHM further alleges the citizenship of the Dauzart estate is also disregarded as no legal representative of the Dauzart estate has been served.[2] (Doc. 1, p. 5).

AHM contends that the Petition included service instructions to serve the Citation and Petition upon the Dauzart estate, by and through its representative Kay Robinson, Boyce, Louisiana. Id.  This precluded removal due to absence of complete diversity. Id. On July 19, 2018, Robinson filed an intervening Petition, and on

---

[2] Under 28 U.S.C. § 1332(c)(2), the "legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent."

September 18, 2018, AHM filed its exceptions. (Doc. 1, p. 6; Doc. 1-2, pp. 26-48; Doc. 1-2, pp. 70-80). In opposition to AHM's exceptions of no right of action and improper cumulation, Robinson attested via affidavit that she is the mother of Dauzart, that no succession has been opened, and that she "has not been named or qualified as the Successor (sic) Representative for the Estate of Emily Dauzart." (Doc. 1, p. 7; Doc. 1-2, pp. 83-86; Doc. 8-1, p. 100). AHM asserts that on October 4, 2018 they were notified that no succession has been opened and that Robinson has not been appointed as the legal representative of the Dauzart estate. (Doc. 1, p. 7). AHM's removal on October 9, 2018 was timely.

Under Fed. R. Civ. P. 17(b), the "[c]apacity to sue or be sued is determined . . . by the law of the individual's domicile." Fed. R. Civ. P. 17(b). Federal law relies on state law to determine if a party can be named as a defendant to a lawsuit. Louisiana does not allow suits by or against the deceased. See Campbell v. Travelers Ins., 2008 WL 145048, at *1 (E.D. La. 2008) (citing Magee v. Stacey, 223 So.2d 194, 195 (La. App. 3d Cir. 1969) (noting that it is "established jurisprudence that judgment cannot be rendered for or against a deceased person")).

Under Louisiana law, a suit against an estate is, in effect, a suit against the estate's succession. State of Louisiana v. Estate of Davis, 572 So.2d 39, 43 (La. 1990). In Louisiana, a decedent's succession is a separate and distinct legal entity. Holland v. Unopened Succession of Holland, 562 So. 2d 1022, 1024 (La. App. 3d Cir. 1990), writ denied, 566 So. 2d 399 (La. 1990). For this reason, a suit against a succession can only be brought against a succession representative. See Marcotte v. State Farm

Mut. Auto. Ins. Co., 1996 WL 169228, at *1 (E.D. La. 1996) (citing Holland, 562 So. 2d at 1024); see also Estate of Davis, 572 So.2d at 42 ("The proper party defendant in a suit against a succession is a succession representative.").[3]

The succession itself, or the "estate," are not proper party defendants. See Adams v. Ford Motor Co., 2012 WL 5877957, at *3 (W.D. La. Nov. 20, 2012). Louisiana law does not allow an action against a succession for which no representative has been appointed. See Marcotte, 1996 WL 169228, at *1. Therefore, the "Estate of Emily Dauzart" is not a proper party defendant. The citizenship of defendants sued under fictitious names shall be disregarded for the purposes of determining diversity of citizenship. See 28 U.S.C. § 1441(b); see also Marcotte, 1996 WL 169228, at *1. James admits that "the lack of a succession representative for the Estate of Emily Dauzart renders the plaintiff and the defendants completely diverse." (Doc. 9, p. 3). There is no dispute that complete diversity existed at the time of removal. (Doc. 9, p. 3, 17).

**D.     The Court lacks jurisdiction to appoint a succession representative representative for the Dauzart estate.**

James admits the Dauzart estate has no legal representative and that the Petition incorrectly names Robinson, mother of Dauzart, as the legal representative

---

[3] "[T]he succession representative appointed by a court of this state is the proper defendant in an action to enforce an obligation of the deceased or of his succession." La. Code Civ. P. art. 734. "The succession representative shall defend all actions brought against him to enforce claims against the succession, and in doing so may exercise all procedural rights available to a litigant." La. Code Civ. P. art. 3249.

of the Dauzart estate.[4]  (Doc. 11, pp. 1-2).  However, post-removal and as a condition precedent to her motion to remand, James now seeks to appoint a legal representative (Doc. 11, p. 2) and leave to amend the Petition to add that legal representative and Progressive as Defendants (Doc. 10, pp. 1-2).[5]  James asks this Court to appoint an "attorney at law to represent the Estate of Emily Dauzart" in this action pursuant to Louisiana Code of Civil Procedure article 5091. (Doc. 11, p. 2).

AHM argues the Court does not have authority to grant James's Motion to Appoint (Doc. 11) under Louisiana procedural law. (Doc. 15, pp. 2-3).  AHM asserts federal procedural law governs in diversity actions. (Doc. 15, p. 2).  Additionally, AHM argues that, even if article 5091 were applicable, the Court lacks jurisdiction to grant the motion because the Dauzart estate has not been properly served and the Court lacks personal jurisdiction.  (Doc. 15, p. 3).

Louisiana Code of Civ. P. art. 5091 provides, in pertinent part:

A. The court shall appoint an attorney at law to represent the defendant, on the petition or ex parte written motion of the plaintiff, when:

(1) It has jurisdiction over the person or property of the defendant, or over the status involved, and the defendant is:

. . .

(c) Deceased and no succession representative has been appointed.

---

[4] As noted in her opposition to AHM's Exceptions of No Right of Action and Improper Cumulation as to her intervening petition, Robinson attested via affidavit that "the Succession of Emily Dauzart has not been opened" and "she has not been named or qualified as the Succession Representative for the Estate of Emily Dauzart." (Doc. 11-1).

[5] James seeks remand contingent upon the destruction of diversity with the additional defendants. (Doc. 9).

La. Code Civ. P. art. 5091(A)(1). AHM notes that James did not cite, and AHM did not find, any authority for appointing an attorney to represent a decedent's estate under article 5091 where such appointment destroys the Court's subject matter jurisdiction. (Doc. 15, p. 3). The Court also found no such precedent.

However, the United State District Court for the Middle District of Louisiana has denied a similar motion to appoint. Lantz v. State Farm Mutual Automobile Insurance Company, 2017 WL 662989, at *2 (M.D. La. Feb. 17, 2017) (finding that article 5091 is a "Louisiana procedural mechanism that falls outside of the 'state law for serving a summons' that is applicable under Rule 4(e)(1)"). In Lantz, the district court noted:

> Under the Erie doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law. Gasperini v. Center for Humanities, Inc., 518 U.S. 415, 427 (1996) (citing Erie R. Co. v. Thompkins, 304 U.S. 64, 78 (1938)). Accordingly, federal procedural law governs procedural law in this action. See S. U.S. Trade Ass'n v. Guddh, 565 Fed.Appx. 280, 284 (5th Cir. 2014) (citing DP Solutions, Inc. v. Rollins, Inc., 353 F.3d 421, 427 (5th Cir. 2003)); see also Fed. R. Civ. P. 81(c) ("These rules apply to a civil action after it is removed from a state court."); Willy v. Coastal Corp., 503 U.S. 131, 134 (1992) (The "expansive language" of Rule 81(c) "contains no express exceptions.").

Lantz, 2017 WL 662989, at *1. Moreover, "federal courts have recognized that application of Article 5091 is appropriate as a procedural mechanism to aid in the execution of judgment as expressly authorized by Rule 69(a)(1)." Lantz, 2017 WL 662989, at *3, n.2 (citing Ware v. Daybrook Fisheries, Inc., 2015 WL 7296654, at *2 (E.D. La. Nov. 18, 2015) (citations omitted)).

11

Plaintiffs make no mention of any federal procedural laws or authority in seeking to appoint a legal representative. Moreover, only a succession representative[6] appointed through a Louisiana state court is the proper party defendant in an action to enforce an obligation of the deceased or of his succession. <u>See</u> La. Code Civ. P. art. 734; <u>see also</u> La. Code Civ. P. art. 3249.

In a similar state court case, the State of Louisiana initiated an expropriation suit against the Estate of Giles Davis and petitioned the court to appoint an attorney at law to represent the estate. <u>Estate of Davis</u>, 572 So.2d 39. The State claimed it sued the proper party through the appointed attorney. <u>Id.</u> However, the Louisiana Supreme Court disagreed. <u>Id.</u> The Louisiana Supreme Court found that the succession was not properly represented as a party defendant. <u>Id.</u> at 42-43. Under the <u>Estate of Davis</u> ruling, a succession representative is not made a party to a suit when only the estate is named in the pleadings and service is made upon an attorney who is not the duly qualified succession representative. <u>Id.</u> ("[T]he proper party defendant was not an attorney at law appointed by the court to represent the Estate, but a succession representative . . . ."); <u>see also</u> <u>Interstate Collection Bureau v. Olivier</u>, 457 So. 2d 688 (La. App. 4th Cir. 1984).

Nonetheless, as AHM correctly notes, there is no personal jurisdiction over Dauzart, the Dauzart estate, or the succession representative. A prerequisite to a

---

[6] A "succession representative" includes an administrator, provisional administrator, administrator of a vacant succession, executor, and dative testamentary executor. La. Code Civ. P. art. 2826(2).

court's acquiring personal jurisdiction over a defendant is proper service on the defendant.  Fed. R. Civ. P. 4(m); see also Walters v. Dixon Correctional Institute, 188 Fed.Appx. 232, 233 (5th Cir. 2006).  Because Dauzart predeceased the filing of this action, because the "Estate of Emily Dauzart" is not a proper party defendant, and because no service has been made on the succession representative, the Court lacks jurisdiction as to the Estate of Emily Dauzart.  There is no personal jurisdiction over Dauzart or the Estate of Emily Dauzart.[7]

### E.    James's Motion to Amend (Doc. 10) should be denied.

James seeks to amend the Petition to add as Defendants "the legal representative of the Estate of Emily Dauzart" and Progressive.  (Doc. 1).  Notably, James's motion is partially contingent on the Court appointing a legal representative

---

[7] The Court also notes it is without jurisdiction to administer the entire succession proceeding, or take control over, or dispose of, the succession property. The United States Supreme Court has held that "a federal court has no jurisdiction to probate a will or administer an estate," nor can a federal court "interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in custody of the state court . . .." Markham v. Allen, 326 U.S. 490, 494 (1946); Washington v. Riley, 2012 WL 2339116, at *3. Federal courts have jurisdiction to entertain suits against fiduciaries, such as executors, administrators, and guardians appointed by probate courts, when the suit is to determine the validity of claims against the estate or the claimants' interests. Commonwealth Trust Co. of Pittsburgh v. Bradford, 297 U.S. 613 (1936).  Federal courts have determined there is no original federal jurisdiction to probate a will or administer an estate, even where diversity jurisdiction exists. See Hilliard v. Estate of Swazer, 2019 WL 1007121, at *2 n.2 (W.D. La. Feb. 15, 2019) (citing Crain v. Crain, 664 F. Supp. 1016, 1017 (E.D. La. 1987)). While the Court did not locate any precedent similar to the facts of this case, the Court notes other federal courts have found that the appointment of personal representatives falls squarely within the probate exception.  See Myles v. Domino's Pizza, LLC, 414CV00107DMBJMV, 2017 WL 238436, at *7 (N.D. Miss. Jan. 19, 2017), reconsideration denied, 414CV00107DMBJMV, 2017 WL 1025945 (N.D. Miss. Mar. 15, 2017) (citing Hassanati v. Int'l Lease Fin. Corp., 51 F.Supp.3d 887, 896 (C.D. Cal. 2014); see also Jones v. Harper, 55 F.Supp.2d 530, 533–34 (S.D.W.V. 1999) (citing Byers v. McAuley, 149 U.S. 608, 615 (1893)) ("Removing and/or appointing a personal representative has the practical effect of impermissibly drawing the property of the estate into the jurisdiction of this court.").

under La. Code Civ. P. art. 5091. Because the Court lacks jurisdiction to appoint a succession representative and for the reasons discussed hereinabove, James's motion to add "the legal representative of the Estate of Emily Dauzart" should be denied as futile and premature.

As to Progressive, James's proposed amendment reiterates her original allegations and seeks to add Progressive as a Defendant. (Doc. 10-1, p. 2). James asserts Progressive was the automobile liability insurer for Dauzart at the time of the accident. (Doc. 10, p. 2). James asserts Progressive is liable jointly, severally, and *in solido* with its insured. Id. James alleges Progressive "must provide coverage for the accident in question" as there was an "insurance policy in full effect at the time of the accident." (Doc. 10-1, p. 2). The proposed amendment contains no other allegations as to Progressive.

AHM opposes James's proposed amendment to add Progressive. (Doc. 16). AHM argues James's request is futile as James fails to state a viable cause of action against "Progressive Specialty Insurance Agency, Inc.," an insurance agency. (Doc. 16, pp. 3-4). For this reason, AHM asserts the Court need not conduct an analysis under the Hensgens factors. (Doc. 16, p. 4). AHM contends no cause of action exists under Louisiana law against an agent of a named insurer, unless the agent personally bound itself or exceeded its authority. (Doc. 16, p. 4); Isaac v. Allstate Ins. Co., 2007 WL 1651974, at *3 (E.D. La. Jun. 6, 2007).

In Isaac, the United States District Court for the Eastern District of Louisiana noted that "[u]nder Louisiana law, an agent for a known principal cannot be held

personally liable unless the agent personally binds himself or exceeds his authority." Isaac, 2007 WL 1651974, at *3 (citing La. Civ. Code arts. 3016, 3019 and collecting cases). "[A]n insurance policy is a contract between the insured and the insurer and it has the effect of law between the parties." Adventure Harbor Estates, L.L.C. v. LeBlanc, 2014 WL 1389628, at *3 (E.D. La. Apr. 9, 2014) (citing Hudson v. Jager Bomb, L.L.C., 107 So.3d 712, 715 (La. App. 2d Cir. 2012)). "The parties' intent, as reflected by the words of an insurance policy, determines the extent of coverage, and the intent is to be determined in accordance with the plain, ordinary, popular sense of the language used in the policy, unless the words have acquired a technical meaning." Id.

The Supreme Court of Louisiana has stated that "[a]n insurance agent has a duty to his client to procure insurance coverage, as explained in Karam v. St. Paul Fire & Marine Ins. Co., 281 So.2d 728, 730–731 (La. 1973)." Prest v. La. Citizens Prop. Ins. Corp., 125 So.3d 1079, 1085 (La. 2012). A plaintiff must prove three elements to demonstrate the agent's liability: (1) an undertaking or agreement by the broker to procure insurance; (2) failure of the agent to use reasonable diligence in attempting to place the insurance and failure to notify the client promptly if he has failed to obtain the insurance; and (3) actions by the agent warranting the client's assumption that the client was properly insured. Karam, 281 So.2d at 730–31; see also In re Katrina Canal Breaches Cons. Litig., 572 F.Supp.2d 664, 668 (E.D. La. 2008).

In her motion to remand,[8] James argues that prior to filing suit, she was unable to confirm the identity of Dauzart's automobile liability insurer and, therefore, did not name her liability insurer as a Defendant in the original Petition. (Doc. 9-1, p. 2). However, attached to her motion, James attaches the accident report dated July 23, 2017 and reflecting Dauzart's insurer as "Progressive Ins." (Doc. 9-3, pp. 1-2). James filed the original suit on July 3, 2018, almost a year after the date of the accident and accident report. (Doc. 1-2, p. 22). James's motion to remand is contingent upon the Court granting leave to amend and add additional defendants – the legal representative she seeks to have appointed and Progressive. (Doc. 9-1, p. 3). James argues she seeks to add "non-diverse parties" and the Court must apply the Hensgens factors when deciding whether to grant leave to amend. (Doc. 9-1, p. 4).

However, the Court need not conduct an analysis of the Hensgens factors because, as noted herein, leave to amend to add a legal representative for Dauzart is futile and premature, and because James seeks to add "Progressive Specialty Insurance Agency, Inc.," a diverse defendant. (Doc. 10-1, p. 2). Progressive Specialty Insurance Agency, Inc., now "Progressive Advantage Agency, Inc." doing business as "Progressive Advantage Insurance Agency, Inc.", is incorporated in Ohio, with its principal place of business in Mayfield Village, Ohio.[9] Thus, Progressive is a citizen

---

[8] James's Memorandum in Support of Motion to Remand is where James provides argument in support of her proposed amendment and addresses the Hensgens factors. (Doc. 9-1, pp. 4-12).

[9] See https://businesssearch.sos.state.oh.us/#busDialog; see also https://coraweb.sos.la.gov/commercialsearch/CommercialSearchDetails.aspx?CharterID=792418_76F8EFB9A8.

of Ohio and would be a diverse defendant for the purposes of evaluating diversity jurisdiction.  Since James has not named an actual insurer, whether the citizenship of the proposed defendant would destroy diversity pursuant to 28 U.S.C. § 1332(c)(1) is not ripe to consider.[10]

The <u>Hensgens</u> factors should be applied when district courts are "faced with an amended pleading naming a new nondiverse defendant in a removed case." <u>Hengens</u>, 833 F.2d at 1182.  If the district court permits the amendment of the nondiverse defendant, it then must remand to the state court. If the amendment is not allowed, the federal court maintains jurisdiction." <u>Id.</u>  However, the Court finds <u>Hensgens</u> is not applicable as James seeks to add a diverse defendant.  Moreover, because the Court recommends denial of leave to appoint a legal representative,  the Court need not consider the related proposed amendment to add that same legal representative as defendant under <u>Hensgens</u>.

---

[10] James argues she did not originally name "Progressive Specialty Insurance Agency, Inc." as she could not assume that was the same insurance carrier for Dauzart, the driver of the vehicle.  (Doc. 9-1, p. 9).  James admits "Progressive Ins." was listed as the automobile liability insurer for Robinson, the owner of the vehicle Dauzart was operating. <u>Id.</u> James claims information obtained subsequent to filing her original Petition revealed Progressive was also the automobile liability insurer for Dauzart. <u>Id.</u>  James further argues that, pursuant to 28 U.S.C. § 1332(c)(1), Progressive would take on the citizenship of its insured, Dauzart. <u>Id.</u> Thus, James asserts Progressive would take on Dauzart's Louisiana citizenship. <u>Id.</u>  However, AHM argues, upon belief and information, the actual insurer is a nondiverse entity whose citizenship would destroy diversity only if James sued the actual insurer alone, without the Dauzart estate.  (Doc. 16, p. 4).  The Dauzart estate, as discussed herein, is not a proper party defendant.  Moreover, James names an insurance agency, not an actual insurer.  The Court finds that James fails to state a claim for relief against "Progressive Specialty Insurance Agency" and the amendment would be futile.  Therefore, the citizenship of the actual insurer need not be considered at present.

James did not name an agent in the proposed amendment. (Doc. 10-1, p. 2). There are no allegations relating to an agent's acts or omissions. (Doc. 10-1, p. 2). Rather, James names "Progressive Specialty Insurance Agency, Inc." as the automobile liability insurer for Dauzart. Id. It appears that James seeks to assert claims against the actual insurer, not the agency, to provide automobile liability coverage for the alleged accident.[11] Id. Yet, James's proposed amendment adds an agency, not an insurer. Id. Because James fails to state a claim for relief against "Progressive Specialty Insurance Agency, Inc.," James's Motion to Amend (Doc. 10) to add Progressive is futile.

### F.   James's Motion to Remand (Doc. 9) should be denied.

As noted, James's Motion to Remand (Doc. 9) is contingent upon the Court granting her motion to appoint a legal representative and granting leave to amend to add that legal representative and Progressive as defendants. (Docs. 9, 10, 11). Because the Court recommends denial of James's motion to appoint a legal

---

[11] The Louisiana Direct Action Statute allows an injured person or his or her survivors or heirs to bring a direct action against the insured, against the insured and the liability insurer, or the insurer alone under certain circumstances, including when the insured is deceased. La. R.S. 22:1269. 28 U.S.C. § 1332(c)(1) provides in pertinent part that:

> [I]n any direction action against the insurer of a policy or contract of liability insurance . . . to which action the insured is not joined as a party defendant, such insurer shall be deemed a citizens of the State of which the insured is a citizen, as well as any State by which the insurer has been incorporated and of the State where it has its principal place of business.

28 U.S.C. § 1332(c)(1). Here, it appears James attempts to assert a direct action against Progressive for the purpose of invoking § 1332(c)(1).

representative and leave to amend, the Court retains diversity jurisdiction and James's Motion to Remand (Doc. 9) should be DENIED.

### III.    Conclusion

Because the Court lacks jurisdiction to appoint a legal representative for the Dauzart estate; because the proposed amendments to add additional defendants are both premature and futile; and because the Court retains diversity jurisdiction;

IT IS RECOMMENDED that James's Motion to Appoint (Doc. 11) be DENIED.

IT IS FURTHER RECOMMENDED that James's Motion to Amend (Doc. 10) be DENIED.

IT IS FURTHER RECOMMENDED that James's Motion to Remand (Doc. 9) be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any

19

extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana, on this  29th  day of July 2019.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

20